1
2
3
4

# UNITED STATES DISTRICT COURT

5

EASTERN DISTRICT OF CALIFORNIA

6

7   ERIC A. ROJAS,

8                           Plaintiff,

9          v.

10  GATES, *et al.*,

11                          Defendants.

12

13

14

15

| | |
|---|---|
| Case No.  1:23-cv-01428-BAM (PC) | |
| ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION | |
| FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE | |
| (ECF No. 10) | |
| **FOURTEEN (14) DAY DEADLINE** | |

16  **I.      Background**

17          Plaintiff Eric A. Rojas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18  *pauperis* in this civil rights action under 42 U.S.C. § 1983.

19          On December 20, 2023, the Court issued a screening order granting Plaintiff leave to file a

20  first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (ECF No. 10.)

21  The Court expressly warned Plaintiff that the failure to comply with the Court's order would

22  result in a recommendation for dismissal of this action, with prejudice.  (*Id.* at 10.)  Plaintiff failed

23  to file an amended complaint or otherwise communicate with the Court, and the deadline to do so

24  has expired.

25  **II.     Failure to State a Claim**

26          **A.      Screening Requirement**

27          The Court is required to screen complaints brought by prisoners seeking relief against a

28  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

1

1    § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

2    or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

3    relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

4         A complaint must contain "a short and plain statement of the claim showing that the

5    pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

6    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

7    conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell*

8    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

9    true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

10   572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

11        To survive screening, Plaintiff's claims must be facially plausible, which requires

12   sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

13   for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

14   *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

15   is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

16   standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

17        **B.    Plaintiff's Allegations**

18        Plaintiff is currently housed at the Kern Valley State Prison.  Plaintiff alleges the events in

19   the complaint occurred at California Correctional Institution ("CCI") in Tehachapi, California.

20   Plaintiff names as defendants: (1) Gates, correctional officer, (2) Harris, correctional officer,

21   (3) Tirado-Reyes, correctional officer, (4) Bomeil,[1] correctional officer, (5) Ruvalcaba,

22   correctional officer, (6) Burgos, correctional officer, (7) Palalay, correctional officer, (8) Ebaniz,

23   correctional officer, (9) Espitia, correctional officer, (10) Sanchez, correctional officer, (11) Cano,

24   correctional officer, and (12) Chavez, correctional counselor.

25        In claim 1, Plaintiff alleges violation of the Eighth Amendment for excessive force and

26   threat to safety.  On 4/22, Plaintiff arrived at CCI.  Defendant Counselor Chavez notified another

27

28   ---
     [1] It is unclear from the list of defendants if this defendant's name if Bomeil or Bonfil.  Plaintiff should clarify in any
     amended complaint.

1   inmate who was a known gang member and later assailant, and who had assaulted Plaintiff

2   previously, of Plaintiff's arrival at CCI and Plaintiff's location. He did so via institutional mail

3   and without Plaintiff's consent, which threatened Plaintiff's safety.  This inmate and another

4   inmate targeted Plaintiff for assault or murder.

5          On October 6, 2022, Plaintiff was housed in Facility A, Building 3 with known STG gang

6   members. On October 6, 2022, due to the action of Defendant Chavez disclosing Plaintiff's

7   confidential information, Plaintiff was approached by a STG prison gang member, who had been

8   instructed to murder Plaintiff.  Due to the short notice, this gang member had been given, he was

9   not able to obtain a weapon, so he shook Plaintiff's hand.  Without notice, this gang member then

10  violently and forcefully began to assault and batter Plaintiff. He repeatedly struck Plaintiff in the

11  face, upper body, upper torso, and was stomping Plaintiff on the ground.  He did not care that

12  correctional officers were 15-20 yards away.

13         Immediately and without warning, the actions of excessive force began as follows.

14  Standing about 15-20 yards away, Defendant Gates shot Plaintiff on Plaintiff's hip with a rubber

15  bullet using a 40 MM launches.  Defendant Harris shot Plaintiff multiple times, hitting Plaintiff

16  on the right elbow and upper torso with rubber bullets using a 40 MM launcher. Defendant

17  Tirado-Reyes deployed an explosive device tossing a blast grenade at Plaintiff which exploded

18  approximately 2 feet away from Plaintiff's front side.  Plaintiff was shot three times and tossed

19  explosive device, when Plaintiff was the victim of the situation from the start and the assailant

20  was not shot or tossed a grenade.  All documented shots and the grenade deployment were

21  utilized within a four second time frame and were documented as effective.

22         In another claim, Plaintiff alleges a threat to safety in violation of the Eighth Amendment.

23  Plaintiff alleges that at no time did Plaintiff do anything but attempt to flee the violent situation

24  and attempt to prone out but was unable to do so until it was safe.  While attempting to flee, Does

25  1-11[2] did not attempt to prevent Plaintiff's assailant from attacking Plaintiff, "as they stood off at

26
27  [2] Plaintiff does not list Does 1-11 in the caption as required by Rule 10. The Court cannot have the complaint served
    on any of the parties discussed in the body of the Complaint.  Rule 10 of the Federal Rules of Civil Procedure
    requires, among other things, that a complaint (a) state the names of "all the parties" in the caption; and (b) state a
    party's claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of
28  circumstances." Fed. R. Civ. P. 10.   In any amended complaint, Plaintiff must comply with Rule 10.

1    a distance from approximately 15-20 yards."  They could have used pepper spray, physical

2    restraints, or batons to curtail the force use.  Plaintiff was the victim of the attack after his

3    confidential information was given out without Plaintiff's authorization and the Defendants used

4    excessive force on Plaintiff and not on the assailant.  Defendant Gates, Harris, and Tirado-Reyes

5    failed to give notice and warning of employing the 40 MM launchers and the blast grenade.

6            As a result of Defendant Chavez informing the inmate of Plaintiff's presence at CCI

7    prison, Chavez was deliberately indifferent to Plaintiff's safety concerns and knew or should have

8    known that Plaintiff would be attacked. As a result of Defendants Does 1-12³ placing Plaintiff on

9    the yard with known enemies, Defendants Does 1-12 were deliberately indifferent to Plaintiff's

10   safety concerns and knew or should have known that Plaintiff would be attacked.

11           Plaintiff alleges he was injured in extending his elbow and shoulder on his right arm. He

12   has pain from bullet impact, shock, dizziness, burning, aching, pressure on the chest, stomach,

13   arms, body, facial burns. He has pain from the trigger point injection, electric shock test, mental

14   health trauma, pain meds and meds for repairing damaged nerves and the use of a brace for over 2

15   months, and physical therapy.

16           As remedies, Plaintiff seeks declaratory relief, compensatory and punitive damages.

17       **C.       Discussion**

18           Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to

19   state a cognizable claim under 42 U.S.C. § 1983.

20           **1.       Federal Rule of Civil Procedure 8**

21           Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim

22   showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations

23   are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

24   conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must

25   set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

26   its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations

27

28   ³ Again, these Doe Defendants are not listed as named defendants.

4

1    are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*,

2    572 F.3d at 969.

3            Here, Plaintiff's complaint is short.  But it is not a plain statement of his claims showing

4    that he is entitled to relief.  Many of Plaintiff's allegations are conclusory do not state what

5    happened, when it happened, or which defendant was involved.  He fails to state the factual basis

6    for the conclusions.  For instance, Plaintiff states Chavez gave out "confidential information," but

7    fails to state facts to support his conclusion or how other defendants "should have known" he was

8    at risk of harm.  Plaintiff must provide factual allegations in support of his claims.

9                        **2.       Linkage Requirement**

10           The Civil Rights Act under which this action was filed provides:

11   Every person who, under color of [state law] . . . subjects, or causes to be
     subjected, any citizen of the United States . . . to the deprivation of any rights,
12   privileges, or immunities secured by the Constitution . . . shall be liable to the
     party injured in an action at law, suit in equity, or other proper proceeding for
13   redress.

14   42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

15   the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See*

16   *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The

17   Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional

18   right, within the meaning of section 1983, if he does an affirmative act, participates in another's

19   affirmative acts or omits to perform an act which he is legally required to do that causes the

20   deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

21           Plaintiff fails to link Bomeil,[4] correctional officer; Ruvalcaba, correctional officer;

22   Burgos, correctional officer; Palalay, correctional officer; Ebaniz, correctional officer; Espitia,

23   correctional officer; Sanchez, correctional officer; and Cano to any wrongful conduct. To state a

24   claim for relief under section 1983, Plaintiff must link each defendant with some affirmative act

25   or omission demonstrating a violation of Plaintiff's federal rights.

26   ///

27

28   [4] It is unclear from the list of defendants if this defendant's name is Bomeil or Bonfil.  Plaintiff should clarify in any
     amended complaint.

1              **3.**     **Eighth Amendment**

2                     a.      <u>Excessive Force</u>

3          The Eighth Amendment protects prisoners from inhumane methods of punishment and

4    from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

5    2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual

6    Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992)

7    (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must

8    provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

9    *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

10         "[W]henever prison officials stand accused of using excessive physical force in violation

11   of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-

12   faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

13   *Hudson*, 503 U.S. at 6–7; *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986).  The "malicious and

14   sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth

15   Amendment claims, is applied to excessive force claims because prison officials generally do not

16   have time to reflect on their actions in the face of risk of injury to inmates or prison employees.

17   *See Whitley*, 475 U.S. at 320–21. In determining whether force was excessive, the court considers

18   the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the

19   relationship between the need for force and the amount of force used; (4) the nature of the threat

20   reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful

21   response.  *See Hudson*, 503 U.S. at 7.  The absence of an emergency situation is probative of

22   whether force was applied maliciously or sadistically.  *See Jordan v. Gardner*, 986 F.2d 1521,

23   1528 (9th Cir. 1993) (en banc).  The lack of injuries is also probative.  *See Hudson*, 503 U.S. at

24   7–9.  Finally, because the use of force relates to the prison's legitimate penological interest in

25   maintaining security and order, the court must be deferential to the conduct of prison officials.

26   *See Whitley*, 475 U.S. at 321–22.

27         Here, the facts alleged suggest that Defendants used force in a good faith effort to stop an

28   attack on the prison yard.  The facts also suggest that any use of force against Plaintiff was

6

1   unintentional and thus not deliberate.  Plaintiff has not alleged facts, at present, to indicate that

2   Defendants intentionally shot at Plaintiff with the desire to wantonly inflict pain.  Indeed, Plaintiff

3   alleges that his assailant was still attacking Plaintiff when Plaintiff was shot, and thus in close

4   proximity to Plaintiff, creating an emergency citation for the officers to act to stop the attack.

5                                          b.        Failure to Protect

6           Plaintiff contends that Defendant Chavez was deliberately indifferent to Plaintiff's safety

7   by disclosing Plaintiff's location to another inmate.  Plaintiff may be attempting to allege others

8   put him in danger.

9           The Eighth Amendment requires that prison officials take reasonable measures to

10  guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. at 832.  In particular, prison

11  officials have a duty to protect prisoners from violence at the hands of other prisoners.  *Id.* at 833;

12  *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040

13  (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *Gillespie v. Civiletti*, 629

14  F.2d 637, 642 & n.3 (9th Cir. 1980).

15          The failure of prison officials to protect inmates from attacks by other inmates or from

16  dangerous conditions at the prison violates the Eighth Amendment when two requirements are

17  met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is,

18  subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834.  A

19  prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate

20  health or safety by failing to take reasonable steps to abate it.  *Id.* at 837.

21          A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials

22  only where the officials acted with "deliberate indifference" to the threat of serious harm or injury

23  to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); *see also*

24  *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor

25  that prisoner is snitch may state claim for violation of right to be protected from violence while in

26  state custody), or by physical conditions at the prison.  The official must both be aware of facts

27  from which the inference could be drawn that a substantial risk of serious harm exists, and he

28  must also draw the inference. *See Farmer*, 511 U.S. at 837.  Mere negligent failure to protect an

                                                    7

1  inmate from harm is not actionable under Section 1983.  *See Farmer*, 511 U.S. at 835.

2  Plaintiff has not sufficiently alleged that Defendant Chavez put him in danger.  Plaintiff

3  does not allege specific facts showing that Defendant knew about a risk or danger to Plaintiff and

4  then disregarded that risk.  Plaintiff does not describe how each of the defendants was actually

5  aware of a specific threat to his safety.  *See Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir.

6  2007) ("speculative and generalized fears of harm at the hands of other prisoners do not rise to a

7  sufficiently substantial risk of serious harm").

8  **4.      Title 15 and Policy Violation**

9  To the extent that any Defendant has not complied with applicable state statutes or prison

10  regulations for failure to follow procedures, such as failing to give notice before using the 40 MM

11  launcher, these deprivations do not support a claim under §1983. Section 1983 only provides a

12  cause of action for the deprivation of federally protected rights.  *See e.g*., *Nible v. Fink*, 828 Fed.

13  Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not

14  create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section

15  1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No.

16  1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that

17  several district courts have found no implied private right of action under title 15 and stating that

18  "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*,

19  No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to

20  dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations);

21  *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D.

22  Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California

23  Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at

24  *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT

25  BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

26  **5.      Unknown Defendants**

27  The use of John Does in pleading practice is generally disfavored—but is not prohibited.

28  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wakefield v. Thompson*, 177 F.3d

8

1    1160, 1163 (9th Cir. 1999); *Lopes v. Viera*, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008).

2    However, Plaintiff is hereby advised that the Court cannot order service of a Doe defendant

3    because the United States Marshal cannot serve a Doe defendant.  Plaintiff will be required to

4    identify him or her with enough information to locate the defendant for service of process.

5    Plaintiff will be given the " 'opportunity through discovery to identify the unknown (Doe)

6    defendants.' " *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Gillespie*, 629

7    F.2d at 642).  Once the identify of a Doe defendant is ascertained, Plaintiff must file a motion to

8    amend his complaint only to identify the identified Doe defendant so that service by the United

9    States Marshal can be attempted.  However, the court will recommend that any Doe defendant

10   Plaintiff fails to identify during the course of discovery be dismissed from this action.

11                      **6.      Declaratory Relief**

12          To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A

13   declaratory judgment, like other forms of equitable relief, should be granted only as a matter of

14   judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*,

15   333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful

16   purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and

17   afford relief from the uncertainty and controversy faced by the parties." *United States v.*

18   *Washington,* 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a

19   verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights

20   were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is

21   unnecessary.

22   **III.     Failure to Prosecute and Failure to Obey a Court Order**

23          **A.     Legal Standard**

24          Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

25   any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

26   within the inherent power of the Court."  District courts have the inherent power to control their

27   dockets and "[i]n the exercise of that power they may impose sanctions including, where

28   appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A

                                              9

1   court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

2   failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46

3   F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

4   963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

5   amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

6   (dismissal for failure to comply with court order).

7           In determining whether to dismiss an action, the Court must consider several factors:

8   (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

9   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

10  cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

11  F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

12          **B.      Discussion**

13          Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the

14  Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his

15  case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

16          The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

17  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

18  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

19  dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d

20  639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

21  responsibility it is to move a case toward disposition on the merits but whose conduct impedes

22  progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*

23  *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

24          Finally, the Court's warning to a party that failure to obey the court's order will result in

25  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

26  *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's December 20, 2023 screening

27  order expressly warned Plaintiff that his failure to file an amended complaint would result in a

28  recommendation of dismissal of this action, with prejudice, for failure to obey a court order and

1   for failure to state a claim.  (ECF No. 10, p. 10.)  Thus, Plaintiff had adequate warning that

2   dismissal could result from his noncompliance.

3          Additionally, at this stage in the proceedings there is little available to the Court that

4   would constitute a satisfactory lesser sanction while protecting the Court from further

5   unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding *in forma pauperis* in

6   this action, it appears that monetary sanctions will be of little use and the preclusion of evidence

7   or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

8   **IV.     Conclusion and Recommendation**

9          Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a

10   district judge to this action.

11          Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY

12   RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim

13   pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to

14   prosecute this action.

15          These Findings and Recommendation will be submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

17   **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

18   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

19   Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

20   specified time may result in the waiver of the "right to challenge the magistrate's factual

21   findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

22   *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

23

24   IT IS SO ORDERED.

25      Dated:   **February 5, 2024**            /s/ *Barbara A. McAuliffe*         _

26                                        UNITED STATES MAGISTRATE JUDGE

27

28

11