# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC A. ROJAS, | Case No. 1:23-cv-01428-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| GATES, *et al.*, | (ECF No. 13) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

     Plaintiff Eric A. Rojas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 13.)

**I.    Screening Requirement and Standard**

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

     A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2    conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

3    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

4    true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

5    572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

6          To survive screening, Plaintiff's claims must be facially plausible, which requires

7    sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

8    for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

9    *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

10   is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

11   standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

12   **II.    Plaintiff's Allegations**

13         Plaintiff is currently housed at the Kern Valley State Prison.  Plaintiff alleges the events in

14   the complaint occurred at California Correctional Institution ("CCI") in Tehachapi, California.

15   Plaintiff names as defendants: (1) Gates, correctional officer, (2) Harris, correctional officer, (3)

16   Tirado-Reyes, correctional officer, (4) Bonfil, correctional officer, (5) Ruvalcaba, correctional

17   officer, (6) Burgos, correctional officer, (7) Palalay, correctional officer, (8) Ebaniz, correctional

18   officer, (9) Espitia, correctional officer, (10) Sanchez, correctional officer, (11) Cano, correctional

19   officer, and (12) Chavez, correctional counselor.

20         In claim 1, Plaintiff alleges a threat to safety.  On 4/22, Plaintiff arrived at CCI.

21   Defendant Counselor Chavez notified another inmate, Salcidio, a known gang member and later

22   assailant, and who had assaulted Plaintiff previously, of Plaintiff's arrival at CCI and Plaintiff's

23   location. He did so via institutional mail and without Plaintiff's consent, which threatened

24   Plaintiff's safety. Counselor Chavez provided Salcidio with "confidential enemy chrono" which

25   states that there has been a past assault or incident.  That chrono is passed to inmates to notify

26   them that their safety may be at risk.  Counselor Chavez notified the wrong inmate.  Counselor

27   Chavez notified the "assailant not the victim threatening the victims safety for the benefit of

28   greenwall prison gangs unlawful betting and gambling."

On October 6, 2022, Plaintiff was housed in Facility A, Building 3 with known STG 25 gang members who are of the same prison gang as Salcidio. On October 6, 2022, due to the action of Defendant Chavez disclosing Plaintiff's confidential information, during morning yard release on Facility A, Plaintiff was approached by a STG 25 prison gang member Gerado, who had been instructed to murder Plaintiff, after being notified of Plaintiff's arrival and location by inmate Salcidio.  Due to the short notice, this gang member Gerado had been given, he was not able to obtain a weapon.  He shook Plaintiff's hand.  Without notice, this gang member then violently and forcefully began to assault and batter Plaintiff. He repeatedly struck Plaintiff in the face, upper body, upper torso, and was stomping Plaintiff on the ground.  He did not care that correctional officers were 15-20 yards away. These correctional officers failed to use sufficient force to curtail the assault/battery, Defendant Gates, Harris, Tirado-Reyes, Bonfil, Ruvalcaba, Burgos, Palalay, Ebaniz, Espitia, Sanchez, and Cano failed to protect Plaintiff from the assault/battery attack and attempted murder.

As a result and proximate cause of Defendant Chavez informing Salcidio of Plaintiff's presence, knowing Salcidio was a past assailant and could strike again and placing bets with known greenwall prison gang members, Chavez was deliberately indifferent to Plaintiff's safety. He knew of or should have known that Plaintiff would be attacked.

As a result and proximate cause of Defendants Gates, Harris, Tirado-Reyes, Bonfil, Ruvalcaba, Burgos, Palalay, Ebaniz, Espitia, Sanchez, Cano and Chavez placing Plaintiff on the yard with known enemies and placing bets gambling that Plaintiff would be attacked or murdered and disclosing Plaintiff's location to known assailants, Defendants Gates, Harris, Tirado-Reyes, Bonfil, Ruvalcaba, Burgos, Palalay, Ebaniz, Espitia, Sanchez, Cano and Chavez were deliberately indifferent to Plaintiff's safety.  There were side notes on the chrono what was given to Salcidio which he later informed Plaintiff and about his plans to kill Plaintiff.

In claim 2, Plaintiff alleges excessive force.  Immediately and without warning, within seconds of the violent attack, the actions of excessive force began as follows.  All the correctional officers, Gates, Harris, Tirado-Reyes, Bonfil, Ruvalcaba, Burgos, Palalay, Ebaniz, Espitia, Sanchez, Cano are all members of the greenwall prison gang and continuously target victims over

assailants. The listed correctional officers intentionally opened fire and deployed an explosive device.  Defendant Harris opened fire.  Defendant Gates opened fire, and Defendant Tirado-Reyes deployed an explosive device intentionally, and opened fire and deployed an explosive device even though the first shot was effective.  Standing approximately 15-20 yards away, Defendant Gates shot Plaintiff on Plaintiff's hip with a rubber bullet with a 40 mm launcher, as well as Defendant Harris who shot at Plaintiff multiple times hitting Plaintiff on Plaintiff's right elbow and upper torso with rubber bullets using a 40 mm launcher.  Tirado-Ryes deployed an explosive device tossing a blast grenade at Plaintiff which exploded approximately two feet away from Plaintiff's front side.  Plaintiff was shot three times.

Plaintiff was shot and tossed a grenade instead of the assailant.  All four documented shots and the deployment were utilized within a four second time frame and were documented as effective.  At no time did Plaintiff do anything but attempt to flee the violent situation not wanting to be involved in it and was attempting to prone out but was unable to do so until it was safe.  While attempting to flee the violent attack, defendants Gates, Harris, Tirado-Reyes, Bonfil, Ruvalcaba, Burgos, Palalay, Ebaniz, Espitia, Sanchez and Cano did not attempt to prevent Plaintiff's assailer from attacking Plaintiff as they stood off at a distance at approximately 15-20 yards able to use physical restraints or OC pepper spray or batons.  They failed to use sufficient force to curtail the assault/battery.  They only used unnecessary force on Plaintiff when Plaintiff was the victim of the assault and the use of excessive force after Plaintiff's confidential information was given without Plaintiff's authorization or consent.

As a result of Defendants Gates, Harris, Tirado-Reyes failing to give notice and warning and employing less forceful means, prior to employing the 40 mm launchers or the instantaneous blast grenades, Defendants Gates, Harris, and Tirado-Reyes had no other purpose than to inflict injury and was excessive use of force – three shots of rubber bullets and tossing a blast grenade. Prior to deploying the 40 mm launchers or [illegible] blast grenades (and using force to only benefit the greenwall prison gang), Defendant Gates, Harris, and Tirado-Reyes had no other purpose than to inflict injury and was an excessive use of force in violation of the Eighth Amendment.

As remedies, Plaintiff seeks declaratory relief, compensatory and punitive damages.

**III.   Discussion**

    **A.   Eighth Amendment**

        **1.   Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. *See Whitley*, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. *See Jordan v. Gardner*, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. *See Hudson*, 503 U.S. at 7-9. Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321-22.

Here, the facts alleged demonstrate that Defendants Gates, Harris, and Tirado-Reyes used force in a good faith effort to stop an attack on the prison yard. As alleged, the incident/attack and response occurred within seconds. Plaintiff faults the type of use employed to stop the attack and alleges that Defendants could have used batons or OC pepper spray. However, the Court notes that Plaintiff's prior pleading, as in this pleading, alleged that his assailant was still attacking Plaintiff when Plaintiff was shot, and thus in close proximity to Plaintiff, and creating an emergency citation for the officers to act to stop the attack.[1] (ECF No. 1.) The facts also suggest that any use of force against Plaintiff was unintentional and thus not deliberate, as being directed at the attack. Plaintiff has not alleged facts to indicate that Defendants intentionally shot at Plaintiff with the desire to wantonly inflict pain. Thus, Plaintiff fails to allege a claim for excessive force against Defendants Gates, Harris, and Tirado-Reyes.

Plaintiff does not allege that any other defendant engaged in force.

### 2. **Failure to Protect**

Plaintiff contends that Defendant Chavez was deliberately indifferent to Plaintiff's safety by disclosing Plaintiff's location to another inmate. Plaintiff also alleges other Defendants failed to stop the attack.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. at 832. In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *Gillespie v. Civiletti*, 629

---

[1] Although superseded as a pleading, the prior pleading may be admissible in evidence against the pleader—e.g., as an admission or prior inconsistent statement by the pleader. While an amended complaint supersedes its prior iteration, "a plaintiff may not controvert what [he] has already unequivocally told a court" to avoid dismissal of a defective cause of action. *See Soo Line R. Co. v. St. Louis Sw. Ry. Co*., 125 F.3d 481, 483 (7th Cir. 1997) (discussing judicial admissions); *see Ross v. Bolin*, No. 1:21-CV-01753 JLT SAB, 2022 WL 992967, at *2 (E.D. Cal. Apr. 1, 2022). The court may also consider a plaintiff's admissions against interest in a complaint, because "[f]actual assertions in pleadings ... are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir. 1988).

F.2d 637, 642 & n.3 (9th Cir. 1980).

The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); see also *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody), or by physical conditions at the prison. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See Farmer*, 511 U.S. at 837. Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. *See Farmer*, 511 U.S. at 835.

Defendant Chavez

Plaintiff has not sufficiently alleged that Defendant Chavez put him in danger. Plaintiff does not allege specific facts showing that Defendant knew about a risk or danger to Plaintiff and then disregarded that risk. Plaintiff alleges an error by Counselor Chavez whereby Chavez notified the wrong inmate. Counselor Chavez notified the "assailant not the victim threatening the victims safety." Plaintiff does not allege that Chavez deliberately indifferent to inmate health or safety because he gave the information to the wrong inmate. Further, Plaintiff does not allege how Chavez failed to protect him from an attack six months after the disclosure of confidential information, and how Chavez would have known that another inmate, not Salcidio who was given the information, would attack Plaintiff.[2] *See Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir.

---

[2] Plaintiff alleges that Chavez was "placing bets with known greenwall prison gang members." However, the Court need accept as true Plaintiff's conclusory allegations.

2007) ("speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm").

<u>Defendant Gates, Harris, Tirado-Reyes, Bonfil, Ruvalcaba, Burgos, Palalay, Ebaniz, Espitia, Sanchez, and Cano</u>

Plaintiff alleges that Defendant Gates, Harris, Tirado-Reyes, Bonfil, Ruvalcaba, Burgos, Palalay, Ebaniz, Espitia, Sanchez, and Cano failed to protect Plaintiff from the assault/battery attack and attempted murder.[3]

Plaintiff fails to state a claim for failing to prevent the attack. Plaintiff alleges that Defendants were standing some 15-20 yards away while the attack occurred and did not prevent the attack. However, Plaintiff also alleges that that attack happened quickly and that just moments prior, Plaintiff's assailant was shaking Plaintiff's hands. Plaintiff's allegations show there was no opportunity to intervene before the attack. Merely because Plaintiff alleges that defendant "should have known" that he would be attacked, fails to state a claim unless each defendant subjectively did know Plaintiff would be attacked at that time.

Plaintiff fails to state a claim for any delay in stopping the attack. Plaintiff alleges that "within seconds" of the violent attack, some Defendants engaged in force to quell the attack, which was "effective," by shooting 40 mm rubber bullets and using a grenade blaster. Thus, Plaintiff's allegations indicate that the attack happened without any notice and Defendants responded within seconds.

Further, Plaintiff's allegation that these defendants "placed him on the yard" is conclusory and fails to state a claim.

**B. Declaratory Relief**

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of

---

[3] Plaintiff alleges Defendants Gates, Harris, Tirado-Reyes, Bonfil, Ruvalcaba, Burgos, Palalay, Ebaniz, Espitia, Sanchez, Cano and Chavez placed Plaintiff on the yard with known enemies and placing bets gambling that Plaintiff would be attacked or murdered and disclosing Plaintiff's location to known assailants. However, again, the Court need not accept as true conclusory allegations.

8

judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington,* 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### IV. Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 27, 2024**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE